UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------
ALBA I.A.,

                  Plaintiff,        <u>DECISION AND ORDER</u>
                                                1:21-CV-09537-GRJ

    v.

COMMISSIONER OF SOCIAL SECURITY,

                  Defendant.
-------------------------------------------------------
GARY R. JONES, United States Magistrate Judge:

In August of 2015, Plaintiff Alba I.A.[1] applied for Disability Insurance Benefits and Supplemental Security Income Benefits under the Social Security Act. The Commissioner of Social Security denied the applications. Plaintiff, represented by Pasternack, Tilker, Ziegler, Walsh, Stanton & Romano, LLP, Christopher D. Latham, Esq., of counsel, commenced this action seeking judicial review of the Commissioner's denial of benefits under 42 U.S.C. §§ 405 (g) and 1383 (c)(3).  The parties consented to the jurisdiction of a United States Magistrate Judge. (Docket No. 9).

This case was referred to the undersigned on October 24, 2022. Presently pending are the parties' Motions for Judgment on the Pleadings

---

[1] Plaintiff's name has been partially redacted in compliance with Federal Rule of Civil Procedure 5.2 (c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

under Rule 12 (c) of the Federal Rules of Civil Procedure. (Docket Nos. 12, 16). For the following reasons, Plaintiff's motion is due to be denied, the Commissioner's motion is due to be granted, and this case is dismissed.

## I. BACKGROUND

### A.    *Administrative Proceedings*

Plaintiff applied for benefits on August 15, 2015, alleging disability beginning June 1, 2015. (T at 324, 347).[2]  Plaintiff's applications were denied initially and on reconsideration.  She requested a hearing before an Administrative Law Judge ("ALJ").  A hearing was held on February 2, 2018, before ALJ Lori Romeo. (T at 53). Plaintiff appeared without an attorney and testified with the assistant of an interpreter. (T at 66-85).

A further hearing was held on August 1, 2018. (T at 88).  Plaintiff appeared with a non-attorney representative.  (T at 91).  Plaintiff offered additional testimony, again assisted by an interpreter. (T at 94-95).  The ALJ received testimony from Dr. Robert Thompson (T at 98-106) and Dr. Ricardo Buitrago (T at 107-111), as medical experts, and from Frank Lindner, a vocational expert. (T at 112-119).

On August 20, 2018, ALJ Romero issued a decision denying the applications for benefits. (T at 8-27).  The Appeals Council denied review

---

[2] Citations to "T" refer to the administrative record transcript at Docket No. 10

on June 21, 2019. (T at 1-7).  Plaintiff sought judicial review. The parties,

through counsel, stipulated to a remand for further proceedings, which

stipulation was approved by the Honorable Vincent L. Briccetti, United

States District Judge, on August 25, 2020. (T at 1199).

A further hearing was held before ALJ Romero on March 3, 2021. (T

at 1157).  Plaintiff appeared with an attorney and testified with the

assistance of an interpreter. (T at 1168-1182).  The ALJ also received

testimony from Zachary Fosberg, a vocational expert. (T at 1184-1194).

### B.    ALJ's Decision

On July 15, 2021, the ALJ issued a decision denying the applications

for benefits. (T at 1131-1148).  The ALJ found that Plaintiff had not

engaged in substantial gainful activity since June 1, 2015 (the alleged

onset date) and met the insured status requirements of the Social Security

Act through December 31, 2017 (the date last insured). (T at 1136-37).

The ALJ concluded that Plaintiff's degenerative disc disease of the lumbar

and cervical spine; obesity; and degenerative joint disease of the bilateral

shoulders (status post-shoulder surgery) were severe impairments as

defined under the Act. (T at 1137).

However, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 CFR Part 403, Subpart P, Appendix 1. (T at 1140).

The ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to perform light work, as defined in 20 CFR 404.1567(b) and 416.967(b), with the following limitations: she can lift and carry 20 pounds occasionally and 10 pounds frequently; sit and stand 8 hours in an 8-hour workday with normal breaks and walk 4 hours in an 8-hour workday with normal breaks; cannot crouch or kneel, but can occasionally stoop; cannot reach overhead with either the right or left arm, but can reach at desk level, and push and pull occasionally at the weight limit for light work. (T at 1141).  The ALJ found that Plaintiff can balance (walk and stand and maintain equilibrium without falling) but should not run and should not work on uneven, slippery or moving surfaces, and can frequently handle, finger, and feel. (T at 1141).

The ALJ concluded that Plaintiff could not perform her past relevant work as a home attendant or child monitor. (T at 1146).

However, considering Plaintiff's age (46 on the alleged onset date, but subsequently changed age category), education (at least high school), work experience, and RFC, the ALJ determined that there were jobs that

exist in significant numbers in the national economy that Plaintiff can perform.  (T at 1146).  As such, the ALJ found that Plaintiff had not been under a disability, as defined under the Social Security Act, and was not entitled to benefits for the period between June 1, 2015 (the alleged onset date) and July 15, 2021 (the date of the ALJ's decision). (T at 1147-48). This is considered the Commissioner's final decision.

### C.    Procedural History

Plaintiff commenced this action, by and through her counsel, by filing a Complaint on November 17, 2021. (Docket No. 1).  On April 18, 2022, Plaintiff filed a motion for judgment on the pleadings, supported by a memorandum of law. (Docket No. 12, 13).  The Commissioner interposed a cross-motion for judgment on the pleadings, supported by a memorandum of law, on May 27, 2022. (Docket No. 16, 17).

## II.  APPLICABLE LAW

### A.    Standard of Review

"It is not the function of a reviewing court to decide de novo whether a claimant was disabled."  *Melville v. Apfel*, 198 F.3d 45, 52 (2d Cir. 1999). The court's review is limited to "determin[ing] whether there is substantial evidence supporting the Commissioner's decision and whether the

Commissioner applied the correct legal standard." *Poupore v. Astrue*, 566 F.3d 303, 305 (2d Cir. 2009) (per curiam).

The reviewing court defers to the Commissioner's factual findings, which are considered conclusive if supported by substantial evidence. *See* 42 U.S.C. § 405(g). "Substantial evidence" is "more than a mere scintilla" and "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Lamay v. Commissioner of Soc. Sec.*, 562 F.3d 503, 507 (2d Cir. 2009) (internal quotations omitted) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)).

"In determining whether the agency's findings are supported by substantial evidence, the reviewing court is required to examine the entire record, including contradictory evidence and evidence from which conflicting inferences can be drawn." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (internal quotations omitted).

"When there are gaps in the administrative record or the ALJ has applied an improper legal standard," or when the ALJ's rationale is unclear, remand "for further development of the evidence" or for an explanation of the ALJ's reasoning is warranted. *Pratts v. Chater*, 94 F.3d 34, 39 (2d Cir. 1996).

B.    *Five-Step Sequential Evaluation Process*

Under the Social Security Act, a claimant is disabled if he or she lacks the ability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months ...."  42 U.S.C. § 423(d)(1)(A).

A claimant's eligibility for disability benefits is evaluated pursuant to a five-step sequential analysis:

> 1. The Commissioner considers whether the claimant is currently engaged in substantial gainful activity.
>
> 2. If not, the Commissioner considers whether the claimant has a "severe impairment" which limits his or her mental or physical ability to do basic work activities.
>
> 3. If the claimant has a "severe impairment," the Commissioner must ask whether, based solely on medical evidence, claimant has an impairment listed in Appendix 1 of the regulations. If the claimant has one of these enumerated impairments, the Commissioner will automatically consider him disabled, without considering vocational factors such as age, education, and work experience.
>
> 4. If the impairment is not "listed" in the regulations, the Commissioner then asks whether, despite the claimant's severe impairment, he or she has residual functional capacity to perform his or her past work.

5. If the claimant is unable to perform his or her past work, the Commissioner then determines whether there is other work which the claimant could perform.

*See Rolon v. Commissioner of Soc. Sec.*, 994 F. Supp. 2d 496, 503 (S.D.N.Y. 2014); *see also* 20 C.F.R. §§ 404.1520(a)(4)(i)–(v), 416.920(a)(4)(i)–(v).

The claimant bears the burden of proof as to the first four steps; the burden shifts to the Commissioner at step five. *See Green-Younger v. Barnhart*, 335 F.3d 99, 106 (2d Cir. 2003). At step five, the Commissioner determines whether claimant can perform work that exists in significant numbers in the national economy. *See Butts v. Barnhart*, 416 F.3d 101, 103 (2d Cir. 2005); 20 C.F.R. § 404.1560(c)(2).

## III.  DISCUSSION

Plaintiff raises one main argument in support of her request for reversal of the ALJ's decision.  Plaintiff argues that the ALJ's assessment of the medical opinion evidence was flawed.

"Regardless of its source, the ALJ must evaluate every medical opinion in determining whether a claimant is disabled under the [Social Security] Act." *Pena ex rel. E.R. v. Astrue*, No. 11-CV-1787 (KAM), 2013 WL 1210932, at *14 (E.D.N.Y. Mar. 25, 2013) (citing 20 C.F.R. §§ 404.1527(c), 416.927(d) (2020)) (internal quotation marks omitted).

A "treating physician" is the claimant's "own physician, psychologist, or other acceptable medical source who provides [the claimant] ... with medical treatment or evaluation and who has, or has had, an ongoing treatment relationship with [the claimant]." 20 C.F.R. § 404.1502.

Treating physician opinions are considered particularly probative because they "are likely to be the medical professionals most able to provide a detailed, longitudinal picture of [the] medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical evidence alone or from reports of individual examinations." 20 C.F.R. §§ 404.1527(c)(2); 416.927(d)(2).

An opinion from a treating physician is afforded controlling weight as to the nature and severity of an impairment, provided the opinion "is well-supported by medically acceptable clinical and laboratory diagnostic

techniques and is not inconsistent with the other substantial evidence in
[the] case record." 20 C.F.R. §§ 404.1527(c)(2); 416.927(d)(2).[3]

However, a treating physician opinion will not be afforded controlling
weight if it is "not consistent with other substantial evidence in the record,
such as the opinions of other medical experts." *Halloran v. Barnhart*, 362
F.3d 28, 32 (2d Cir. 2004).

To determine how much weight a treating physician's opinion should
be given, the ALJ considers the "*Burgess* factors" identified by the Second
Circuit: "(1) the frequen[cy], length, nature, and extent of treatment; (2) the
amount of medical evidence supporting the opinion; (3) the consistency of
the opinion with the remaining medical evidence; and (4) whether the
physician is a specialist." *Estrella v. Berryhill*, 925 F.3d 90, 95–96 (2d Cir.
2019)(following *Burgess v. Astrue*, 537 F.3d 117, 128 (2d Cir. 2008)).

The *Burgess* factors are also applied to the opinions of non-treating
physicians, "with the consideration of whether the source examined the
claimant or not replacing the consideration of the treatment relationship
between the source and the claimant." *McGinley v. Berryhill*, No. 17 Civ.

---

[3] In January of 2017, the Social Security Administration issued new regulations
regarding medical opinion evidence.  The revised regulations apply to claims filed on or
after March 27, 2017.  *See* 20 C.F.R. § 404.1520c.  Because Plaintiff's application was
filed prior to that date, the prior rules (as outlined above) apply.

2182, 2018 WL 4212037, at *12 (S.D.N.Y. July 30, 2018).  A consultative physician's opinion may constitute substantial evidence. *See Petrie v. Astrue*, 412 F. Appx 401, 406 (2d Cir. 2011).

This Court will review the medical opinion evidence and then address the ALJ's consideration thereof.

*A.    Dr. Hobeika*

In July of 2015, Dr. Paul Hobeika, Plaintiff's treating orthopedic surgeon, wrote a letter in follow-up to Plaintiff's left shoulder rotator cuff repair surgery. He described Plaintiff as "completely disabled" and "currently unable to push pull or lift anything over 3 pounds with both arms." (T at 513).

In September of 2016, Dr. Hobeika wrote that Plaintiff "cannot work …. cannot do any manual work." (T at 692).  He opined that Plaintiff could not push, pull, or lift …." (T at 692).

In March of 2018, Dr. Hobeika stated that Plaintiff could not perform any work that required pushing, pulling, or lifting over 5 pounds. (T at 742). The record also contains an undated handwritten note from Dr. Hobeika, wherein he opined that Plaintiff has a very limited range of motion, had been totally disabled since 2014, and remained unable to work due to "her shoulders and other medical problems." (T at 1309).

*B.     Dr. Long*

Dr. Carol McLean Long performed a consultative examination in October of 2015.  Plaintiff demonstrated a slow gait, had difficulty walking on heels and toes, had no sensory deficits or muscle atrophy, and had 4/5 strength in the upper and lower extremities. (T at 526-27).

Dr. Long diagnosed status post fall with back pain; status post fall with chronic shoulder pain (requiring surgery in the left shoulder); history of joint pain in the hands, knees, elbows, feet; and history of high blood pressure. (T at 527).

Dr. Long assessed a "mild to moderate" limitation in Plaintiff's ability to sit, stand, climb, walk, push, pull, or carry heavy objects. (T at 528).  She opined that Plaintiff had "mild to moderate" limitation in flexion, extension, and rotation of the cervical spine and forward elevation and abduction of the bilateral shoulders. (T at 528).

Dr. Long characterized Plaintiff's prognosis as "fair" and reported that she had a moderate limitation in flexion and extension of the L5 spine, along with moderate limitation as to flexion and extension of her hips and knees bilaterally. (T at 528).

C.    *Dr. Ravi*

Dr. Ram Ravi performed a consultative examination in October of 2017.  Dr. Ravi described Plaintiff's gait as "moderately antalgic." (T at 566).   Plaintiff was unable to walk on heels and toes and declined to perform several aspects of Dr. Ravi's examination.  (T at 565-66).

Dr. Ravi found no sensory deficits or muscle atrophy and reported full strength in the upper and lower extremities. (T at 566).  He diagnosed back pain, bilateral shoulder pain, and hypertension, and characterized Plaintiff's prognosis as "guarded." *T at 566).

Dr. Ravi opined that Plaintiff had no limitations as to sitting or standing and moderate limitations walking, pushing, pulling, lifting, or carrying. (T at 566).  He found that Plaintiff should avoid bending. (T at 566).

Dr. Ravi completed a medical source statement, in which he opined that Plaintiff could lift/carry up to 20 pounds occasionally; sit/stand for 6 hours in an 8-hour workday; walk for 3 hours in an 8-hour workday; perform occasional reaching and pushing/pulling; occasionally climb stairs and ramps; occasionally balance and stoop; but never climb ladders or scaffolds, kneel, crouch, or crawl. (T at 569-71).

### D.    ALJ's Analysis

The ALJ assigned "some weight" to Dr. Long's opinion, noting that it was based on a one-time examination. (T at 1143). The ALJ also found the physician's use of the terms "mild" and "moderate" to be vague. (T at 1143).  The ALJ gave "some weight" to Dr. Ravi's opinion but noted that the physician "did not have access to all the medical evidence." (T at 1144).

The ALJ recognized Dr. Hobeika's status as a treating physician but assigned his opinions "limited weight." (T at 1145).  In particular, the ALJ found Dr. Hobeika's extreme limitations not supported by, or consistent with, the overall clinical evidence and other medical opinion evidence of record. (T at 1145).

For the following reasons the Court concludes that the ALJ's consideration of the medical opinion evidence was supported by substantial evidence and was consistent with applicable law.

When the record contains competing medical opinions, it is the role of the Commissioner, and not this Court, to resolve such conflicts. *See Veino v. Barnhart*, 312 F.3d 578, 588 (2d Cir. 2002)("Genuine conflicts in the medical evidence are for the Commissioner to resolve.").  The ALJ may reach a determination that "does not perfectly correspond with any of the opinions of medical sources," provided the ALJ's overall assessment is

supported by substantial evidence and consistent with applicable law. *See Trepanier v. Comm'r of SSA*, 752 Fed. Appx. 75, 79 (2d Cir. 2018).

Here, the ALJ thoroughly reviewed and discussed the underlying treatment record, clinical findings, and imaging studies and reasonably found the evidence more consistent with the degree of limitation assessed by Dr. Ravi and less consistent with the extreme restrictions indicated by Dr. Hobeika. (T at 1142-45).

For example, although the record documents pain and limitation, Plaintiff was consistently described as demonstrating normal neurologic findings, intact gait, normal cervical spine range of motion, and no muscle atrophy. (T at 515-16, 518, 566, 598, 606, 611-39, 836, 841-42, 848, 853, 855-56, 861, 864, 867, 870, 873, 879, 882, 885, 890, 893, 896, 901, 906-07, 909-10, 913, 916, 919, 923-24, 929, 931, 934, 937, 941, 944, 946, 949, 955, 1016-1128, 1358-1530, 1532, 1535-36, 1541, 1544, 1549, 1555-56, 1558, 1562, 1571, 1577, 1589, 1591, 1597, 1601, 1603-04, 1606-07, 1610, 1619, 1623, 1631, 1654-55, 1661, 1664, 1670).

Likewise, Plaintiff was consistently found with full to near-full strength in the upper extremities. (T at 515-16, 518, 566, 598, 606, 611-39, 836, 841-42, 848, 853, 855-56, 861, 864, 867, 870, 873, 879, 882, 885, 890, 893, 896, 901, 906-07, 909-10, 913, 916, 919, 923-24, 929, 931, 934, 937,

941, 944, 946, 949, 955, 1016-1128, 1358-1530, 1532, 1535-36, 1541,

1544, 1549, 1555-56, 1558, 1562, 1571, 1577, 1589, 1591, 1597, 1601,

1603-04, 1606-07, 1610, 1619, 1623, 1631, 1654-55, 1661, 1664, 1670).

A treating physician's opinion is not always controlling. In particular, a

treating physician's statement "that the claimant is 'disabled' or 'unable to

work' is not controlling," because such opinions are reserved for the

Commissioner.  *Guzman v. Astrue*, No. 09-CV-3928 (PKC), 2011 WL

666194, at *10 (S.D.N.Y. Feb. 4, 2011) (citing 20 C.F.R. §§ 404.1527(e)(1),

416.927(e)(1)); *accord Snell v. Apfel*, 177 F.3d 128, 133 (2d Cir. 1999) ("A

treating physician's statement that the claimant is disabled cannot itself be

determinative.").

Additionally, where "the treating physician issued opinions that [were]

not consistent with other substantial evidence in the record, such as the

opinion of other medical experts, the treating physician's opinion is not

afforded controlling weight." *Pena ex rel. E*.R., 2013 WL 1210932, at *15

(quoting *Halloran v. Barnhart*, 362 F.3d 28, 32 (2d Cir. 2004)) (internal

quotation marks omitted) (alteration in original); see also *Snell,* 177 F.3d at

133 ("[T]he less consistent [the treating physician's] opinion is with the

record as a whole, the less weight it will be given.").

16

"Substantial evidence is "a very deferential standard of review —
even more so than the 'clearly erroneous' standard." *Brault v. SSA*, 683
F.3d 443, 447-48 (2d Cir. 2012) (per curiam) (citation omitted). "The
substantial evidence standard means once an ALJ finds facts, [a court] can
reject those facts only if a reasonable factfinder would *have to conclude
otherwise*." Id. at 448 (emphasis in original) (citation and internal quotation
marks omitted). "The role of the reviewing court is therefore quite limited
and substantial deference is to be afforded the Commissioner's decision."
*Johnson v. Astrue*, 563 F. Supp. 2d 444, 454 (S.D.N.Y. 2008)(citation and
internal quotation marks omitted).

Indeed, "[i]f the reviewing court finds substantial evidence to support
the Commissioner's final decision, that decision must be upheld, even if
substantial evidence supporting the claimant's position also exists." *Id.*
(citing *Alston v. Sullivan*, 904 F.2d 122, 126 (2d Cir. 1990)); *see also
McIntyre v. Colvin*, 758 F.3d 146, 149 (2d Cir. 2014) ("If evidence is
susceptible to more than one rational interpretation, the Commissioner's
conclusion must be upheld.")(citation omitted).

The ALJ did not ignore the evidence that Plaintiff suffers from chronic
pain and some restriction in activities.  In recognition of these restrictions
the ALJ found Plaintiff limited to a reduced range of light work. (T at 1141).

However, "disability requires more than mere inability to work without pain."

*Dumas v. Schweiker*, 712 F.2d 1545, 1552 (2d Cir. 1983). "Otherwise,

eligibility for disability benefits would take on new meaning." *Id.*

     Accordingly, for these reasons the Court concludes that the ALJ's

decision was supported by substantial evidence, including, in particular, a

reasonable reading of the extensive treatment record, medical opinion

evidence, and imaging studies.

## IV.  CONCLUSION

     For the foregoing reasons, Plaintiff's Motion for Judgment on the

Pleadings (Docket No. 12) is DENIED; the Commissioner's Motion for

Judgment on the Pleadings (Docket No. 16) is GRANTED; and this case is

DISMISSED. The Clerk is directed to enter final judgment and then close

the file.

December 23, 2022          *s / Gary R. Jones*

                                 GARY R. JONES
                                 United States Magistrate Judge